# SEARCH WARRANT

**STATE OF ARKANSAS}**
**COUNTY OF GARLAND}**

To any Sheriff, Constable, or Policeman in the State of Arkansas:

Affidavit having been made before me by Sgt. Michael Wright with the Garland County Sheriff's Department, Criminal Investigation Division;

That he has reason to believe that on the premises know as ▮▮Treasure Isle, Hot Springs, Arkansas; which is described as a single-story, wood-frame residence, with yellow siding, green shutters, and white trim; and further described as having a front porch with two white columns, and having a silver mailbox marked '▮▮' at the end of the drive on Treasure Isle Road;

There is now being concealed certain property, namely: a chemical substance referred to as "MMS" or Master Mineral Solution, any other chemical substances which could be used to endanger the welfare of children, and other items used to process, store, make, compile, transport, or distribute said chemicals; and any other evidence related to the crime of Endangering Welfare of A Minor; which are in violation of Arkansas State Statute 5-27-205 Endangering The Welfare of A Minor;

And I am satisfied that there is probable cause to believe that the property so described is being concealed on the premises above-described and that the foregoing grounds for application for issuance of the search warrant exist. I am requesting that this warrant only be served in the hours considered under law to be daytime hours.

The attached Affidavit for Search Warrant is hereby incorporated by reference.

**You are hereby commanded** to search forthwith the place named for the property specified, serving this warrant immediately, with the scope of the Warrant to include the residence, curtilage, and any outbuildings and vehicles located on the property; and if the property be found there to seize it, leaving a copy of this Warrant and bring the property as required by law.

This Search Warrant is to be returned to the Garland County Circuit Court, within a reasonable time, not to exceed five (5) days from issuance, **but in no event later than five (5) days after service.**

Dated this 12th day of January, 2015.

_____
Honorable, Judge Lynn Williams

**EXHIBIT**
"A"

# AFFIDAVIT FOR SEARCH WARRANT

**STATE OF ARKANSAS}**
**COUNTY OF GARLAND}**

Before the Honorable Lynn Williams
Judge of the Circuit Court of Garland County, Arkansas

The undersigned, being duly sworn, deposes and says that they have reason to believe that on the premises known as ▬▬ Treasure Isle, Hot Springs, Arkansas; which is described as a single-story, wood-frame residence, with yellow siding, green shutters, and white trim; and further described as having a front porch with two white columns, and having a silver mailbox marked "815" at the end of the drive on Treasure Isle Road;

There is now being concealed certain property, namely: a chemical substance referred to as "MMS" or Master Mineral Solution, any other chemical substances which could be used to endanger the welfare of children, and other items used to process, store, make, compile, transport, or distribute said chemicals; and any other evidence related to the crime of Endangering Welfare of A Minor; which are in violation of Arkansas State Statute 5-27-205 Endangering The Welfare of A Minor;

And that the facts tending to establish the foregoing grounds for issuance of a search warrant are as follows:

On Friday, January 9, 2015, information was provided to Sgt. Michael Wright, of the Garland County Sheriff's Department, and Cpl. Russ Rhodes, of the Arkansas State Police, of possibly child abuse occurring at the aforementioned residence by the parents, Hal and Michelle Stanley.

One of the allegations was that Hal Stanley had tried to force his seven children to drink a toxic chemical (MMS) in order to "cleanse" them. The children reportedly refused and Hal then allegedly piped vapors from the chemical through the air vents into a room where the children were doing school work. Additionally, Hal reportedly stores a jar of this chemical in the refrigerator, with holes poked in the lid, presumably allowing the vapors to contaminate the food.

On Friday, January 9, 2015, an adult child of Hal and Michelle Stanley was interviewed. This adult child reported that he moved away from the Stanley home in 2014, but still visits on a regular basis. The adult child confirmed that Hal had tried to get the children to take the MMS and also confirmed that he was aware, at one point, that Hal had the MMS vapors pumped through the vent into the school room.

On January 12, 2015, this affiant was provided a sample of the MMS chemical that reportedly was obtained the day before from one of the children currently living in the Stanley home. This sample will ultimately be submitted to the Crime Lab for analysis.



EXHIBIT "B" 1 of 2 pgs

This affiant researched the chemical "MMS" and found that it is a toxic substance that can cause nausea, vomiting, and life-threatening issues if ingested.

Additionally, there are other allegations of abuse and neglect occurring in the Stanley home, such as malnourishment, inadequate healthcare, and insufficient home-schooling. Due to the concern for the safety and well-being of the children, the Arkansas State Police Crimes Against Children Division has opened an investigation and intends to remove the children from the home to have them examined by a medical doctor.

Which is in violation of Arkansas State Statute 5-27-205 Endangering The Welfare of A Minor **(a) A person commits the offense of endangering the welfare of a minor in the first degree if, being a parent, guardian, person legally charged with care or custody of a minor, or a person charged with supervision of a minor, he or she purposely: (1) Engages in conduct creating a substantial risk of death or serious physical injury to a minor;.**

The affiant respectfully requests that a Search Warrant be granted for the property afore described, and for the scope of the Warrant to include the residence, curtilage, and any outbuildings and vehicles located on the property.

*[signature]*
Sgt. Mike Wright
Garland County Sheriff's Department
Criminal Investigation Division

Sworn before me, and subscribed in my presence, **January 12th, 2015**

*[signature]*
Honorable, Judge Lynn Williams

2

From: Jamie Moran [mailto:Jamie.Thompson@dhs.arkansas.gov]
Sent: Tuesday, January 13, 2015 10:44 AM
To: Cynthia Stroud; Jennifer Wunstel
Cc: Thomas Braswell; Michelle Gatlin
Subject: Stanley children

I spoke with Children's Pediatric Clinic regarding this priority 1.  They will not be able to see the children today based on the fact that there might be 'poisoning".  They have recommended they be taken to Children's Emergency Room for the initial.  The children will need to be tested for Renal failure and breathing problems.  (none of which were apparent last night)

Further, Mrs. Gatlin will be setting up hair follicles on all 7 children to see if the controversy MMS (Miracle Mineral Solutions) can be found in their hair.  If the MMS is found in their hair , I am not sure what that constitutes.  The MMS is legal and promoted as a cure for the simple cold to acne to the flu and to other more serious diseases.  MMS can also be considered to be a toxic solution of 28%[1] sodium chlorite in distilled water but only if activated by a citrus (fruit).  The common symptoms of daily use is diarrhea , stomach pains , etc, none of which the children reported.  Other symptoms may be acute renal failure, which we will be glad to test for.  Of course these definitions vary upon which web site you look at.

Further:  upon staffing with Tom, this case feels like the ultimate violation of a families freedom to live their own culture.  We are continually getting SDM classes and training and understanding how culture impacts those decisions.  It is apparent to me that this family has its own unique culture.  They home school, they don't believe in modern medicine and they use a legal vitamin to try and keep the children healthy and from all accounts it appeared that the children were very healthy.  From reports, the search warrant did not find anything that would constitute the children being severely maltreated.  It appears to me that the only thing this family has done is not conform to modern society and how certain government officials feel they should be living.

If there is any other information that the State Police is aware of that may constitute severe maltreatment, it should probably be disclosed to us.

5 of the children are placed at Open Arms in Lonoke, 2 are at a shelter in Conway.

Jennifer, with only three staff members at this time, can you please see if the other counties will assist with these appointments.  The Priority 1 ER visit needs to be completed by 8:00 tonight.

Thanks,

Jamie



EXHIBIT "C" pg 1 of 1

1  KF: You heard that from Christopher, Jeannette and Jonathan?
2  MS: I heard it from Christopher....
3  KF: Umhum....
4  MS: and I usually...Christopher has always been pretty trustworthy on what if he
5  sees it and he'll tell it like it is. His perspective will be different from mine but I can
6  genuinely trust what he says.
7  KF: Sure
8  MS: Jonathan, he's..he's a liar. You can't trust what he says.
9  KF: Really?
10 MS: Yes.
11 KF: Ok
12 MS: He will tell..and he will tell a story ten different times and convince you of each
13 time unless you know his reputation. He is a charmer. He's a smooth talker. He is
14 basically like dad except he... thinking differently from dad. As far...I mean bullying
15 and macho type attitude and thinks he can get away with anything. If he was
16 something he's gonna do anything to get it.
17 KF: Ok. Let me ask you this and I am kinda jumping around here and I apologize
18 about that but since you brought up....At anytime while you were there, Madelyn,
19 did you ever see your father use a wooden paddle board on the kids or...
20 MS: No.. yes that was normal.
21 KF: That was normal?
22 MS: Umhum.
23 KF: There is no law that says you can't paddle your kids....
24 MS: And I agree...I mean it's in the bible. See I still...I'm quite...I mean I believe in
25 the bible myself and....
26 KF: Sure....
27 MS: I have read plenty of it.



Arkansas Children's Hospital
1 Children's Way
Little Rock, Arkansas 72202
501-364-1100

Patient Name: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
MRN: M002201786
Acct: D00102274073
Patient Status: PEG ER

DOB: ▓▓▓▓▓▓▓▓
Age: 16
Sex: M
Report Date: 01/13/15

ED HISTORY AND PHYSICAL

Service Date: 01/13/15

### History of Present Illness

**- General**
**Chief Complaint:** POISON INGESTION(MMMS)
**Source:** patient

**- History of Present Illness**
**HPI Narrative:** Patient is brought in by protective services for an exposure to miracle mineral supplement that father doses once a day where had bilateral lid in the stove usage declines himself initially alert the children in a different part of the house and no smokers events this is been going on for last several months. ▓▓▓▓▓▓▓▓tates that father does this once a day they are never exposed with directly. He states that he and his brothers and sisters have no issues with hemoptysis shortness of breath fatigue weight loss nausea vomiting or any other symptomatology. I question the patient in detail about physical and sexual abuse questions open ended in nature and all negative in response.
**Severity:** mild

### Review of Systems
**Constitutional:** Reports: No additional complaints
**Eyes:** Reports: No additional complaints
**ENT:** Reports: No additional complaints
**Cardiovascular:** Reports: No additional complaints
**Respiratory:** Reports: No additional complaints
**GI/Abdomen:** Reports: No additional complaints
**GU:** Reports: No additional complaints
**Neurological:** Reports: No additional complaints
**Skin:** Reports: No additional complaints
**Hematologic/Lymphatic:** Reports: No additional complaints
**Endocrine:** Reports: No additional complaints
**Allergic/Immunologic:** Reports: No additional complaints
**Musculoskeletal:** Reports: No additional complaints
**Psychologic:** Reports: No additional complaints

### ED Past Medical History

Page 1 of 3


EXHIBIT "E 1of1"

On Mar 14, 2016, at 1:08 PM, Keesa Smith <Keesa.Smith@dhs.arkansas.gov> wrote:
Joe-

When you and I met during our meeting with Senator Clark, you discussed your belief that DCFS should have warrants to enter into homes when the agency receives calls to investigate allegations of child abuse. You have equally made this assertion in recent Joint Performance Review meetings. When you and I met, I explained that I disagreed with your assertion and, regardless of our disagreement, there is currently norequirement that DCFS obtain a warrant to enter into homes.

Please note that warrants (in the manner that you have described) are criminal instruments. However, child maltreatment investigations are civil. There is no legal manner to ask for a criminal warrant in a civil proceeding. However, the law of Arkansas does give DCFS the right to enter homes for child maltreatment investigations. Arkansas Code Annotated 12-18-609(a) states: A person conducting an investigation under this chapter shall have the right to enter into or upon a home, school, or any other place for the purpose of conducting the investigation and interviewing or completing the investigation. In addition, Arkansas Code Annotated 12-18-609(c)(1) states: If necessary access or admission is denied to a person conducting an investigation under this chapter, the Department of Human Services and the Department of Arkansas State Police may petition the proper juvenile division of circuit court for an ex parte order of investigation requiring the parent, caretaker, or persons denying access to any place where the child may be to allow entrance for the interviews, examinations, and investigations.

Your email repeatedly refers to the signed Order of Investigation as an illegal document but the Order was obtained in accordance to state law and signed by Judge James. The Order is valid and, while you may not like what the law allows us to do, the manner to combat this is to either seek statutory changes or for you to challenge the Order.

In addition, your email says that your client advised the caseworker that you are the attorney of record and that you represent the children as well. Arkansas Code Annotated 12-18-608(b)(1) states the following: The interview with the child victim, siblings of a child victim, or any other children in the home or under the care of an alleged offender shall be conducted separate and apart from the alleged offender or any representative or attorney for the alleged offender. You are the attorney for the parent and, by law, we are not required to notify you or have you present while the alleged victim is interviewed.

Lastly, the code does not require for our agency to provide the Petition and Affidavit when producing the Order of Investigation. Arkansas law does not require us to do this. If we use your discussion about warrants, you know that affidavits are not attached to warrants either. Warrants, like the Order of Investigation that was presented in this matter, are seen as valid unless they are challenged in Court and proven otherwise.



Joe, I respect the fact that you feel strongly about this issue and I have repeatedly stated that we should sit down and discuss your concerns further. However, our agency will take all necessary steps in accordance with Arkansas law. The statutes that I have posted here all address your concerns. DCFS has a duty to protect children and investigate the complaints that are submitted to our office. As always, you know how to reach me and I hope that we can set a follow-up to our last discussion soon.

Sincerely,

Keesa M. Smith
Deputy Director
Arkansas Department of Human Services
700 Main Street
Little Rock, AR 72203
Phone: (501) 682-8650
Fax: (501) 682-6836
Keesa.Smith@dhs.arkansas.gov

2