UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HAL W. STANLEY and MICHELLE
STANLEY, each individually and on behalf
of B.S., J.S., P.S., C.S., and V.S., as
parents and legal guardians                                                                            PLAINTIFFS

v.                                  No. 6:17-CV-06008

KATHERINE FINNEGAN, et al.                                           DEFENDANTS

**OPINION AND ORDER**

Before the Court is Separate Defendant Katherine Finnegan's motion (Doc. 46) for judgment on the pleadings and brief (Doc. 47) in support of her motion. Plaintiffs Hal and Michelle Stanley (collectively "the Stanleys") filed a response (Doc. 52) in opposition and a brief (Doc. 53) in support of their response. Finnegan filed a reply (Doc. 57) without leave of Court. Finnegan then filed a motion (Doc. 63) for leave to file a reply and a brief (Doc. 64) in support of her motion. The Court denied Finnegan's motion (Doc. 65) for leave and will not consider her reply. There is also pending a motion[1] (Doc. 50) to adopt the pleadings filed by Separate Defendants Garland County, Arkansas, Mike McCormick, Jason Lawrence, Mike Wright and Terry Threadgill.

The Stanleys brought damages claims pursuant to 42 U.S.C. § 1983 against various Arkansas officials, including Katherine Finnegan, individually and in her official capacity as an investigator in the Crimes Against Children Division (CACD) of the Arkansas State Police (ASP), for injuries caused by the alleged unlawful removal of their seven children by Arkansas

---

[1] It is unclear why the Separate Defendants seek to adopt a motion for judgment on the pleadings that is tailored specifically to the remaining claim against Finnegan and no other party. Nonetheless, the Court will consider and grant their motion to adopt the pleadings.

1

Department of Human Services (DHS). Prior to the instant motion, Finnegan, among others, filed motions to dismiss (Docs. 19, 21, & 22) the Stanleys' claims on qualified immunity, collateral-attack, and state preclusion grounds. The Court granted the motion[2] with respect to all claims against Finnegan based on qualified immunity except the claim alleging "that she removed Plaintiffs' minor children from their home without an adequate basis."[3] (Doc. 29, p. 10). Finnegan appealed the order and the Eighth Circuit Court of Appeal affirmed. (Doc. 51). Finnegan filed this Rule 12(c) motion for judgment on the pleadings arguing that the Stanleys' remaining claim against her should be dismissed as a matter of law because (1) the Court lacks subject-matter jurisdiction pursuant to the *Rooker-Feldman* abstention doctrine; (2) the Stanleys lack Article III standing; (3) the remaining claim is a collateral-attack on state court proceedings; and (4) the remaining claim is barred by res judicata and collateral estoppel. For the reasons set forth below, Finnegan's motion will be denied.

I. **Legal Standard**

When considering a Rule 12(c) motion for judgment on the pleadings, the Court uses the same standard as that for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Ashely Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). Judgment on the pleadings is appropriate "only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). The Court must "accept as true all facts pleaded by the non-moving

---

[2] The Court denied the motion with respect to Finnegan's collateral-attack and preclusion arguments finding that she failed to meet her burden of persuasion for those claims. (Doc. 29, p. 9).

[3] Specifically, the remaining claim against Finnegan is that she ordered the removal of the Stanley children without a reasonable suspicion of child abuse. For purposes of this order, because the state court conducted a "probable cause hearing," the Court will use the term "probable cause" instead of "reasonable suspicion" to avoid confusion.

2

party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

**II. Discussion**

At the outset, the Stanleys assert Finnegan's arguments of issue preclusion, claim preclusion, and collateral-attack should be struck under Rule 12(f) as redundant because the Court ruled on the same issues in Finnegan's earlier Rule 12(b)(6) motion and Finnegan failed to appeal those grounds. The Court previously denied Finnegan's motion to dismiss on these grounds because the arguments were, at that time, unsupported by the record. Finnegan has since supplemented her Rule 12(c) motion with additional factual allegations and documents specifically in regard to the remaining claim against her. Moreover, the Court's earlier decision on these grounds was not subject to interlocutory review. Plaintiffs offer no legal support for the proposition that Finnegan is prohibited from raising these arguments in her Rule 12(c) motion under these circumstances. The Court will therefore address each of Finnegan's claims.

  A. *Rooker-Feldman* **Doctrine**

Finnegan argues that the Court lacks subject-matter jurisdiction over the Stanleys' claim pursuant to the *Rooker-Feldman* doctrine. Because *Rooker-Feldman* implicates a jurisdictional question, it must be addressed at the outset. *Silverman v. Silverman*, 338 F.3d 886, 893 (8th Cir. 2003). The *Rooker-Feldman* abstention doctrine precludes a district court from reviewing any

3

final state court decision on the merits, because "federal jurisdiction to review most state court judgments is vested exclusively in the United States Supreme Court." *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (quoting *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000)). If a claim is barred under *Rooker-Feldman*, the federal court lacks subject-matter jurisdiction and the case must be dismissed.

The *Rooker-Feldman* doctrine applies only in the limited circumstance in which a party "seeks to take an appeal of an unfavorable state court decision to a lower federal court." *Lance v. Dennis*, 546 U.S. 459, 466 (2006). The doctrine prevents a state court loser "from seeking what in substance would be appellate review of the state judgment in a [federal] district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994). Additionally, the doctrine precludes subject-matter jurisdiction over claims which are "inextricably intertwined" with state court decisions. *Simes*, 354 F.3d at 827. If a claim is "inextricably intertwined" with a state court decision, a federal court lacks subject-jurisdiction unless the federal plaintiff was not given a "reasonable opportunity" to raise their federal claim in the state proceedings. *Id.*

Finnegan argues that the Stanleys claim is inextricably intertwined with the state court judgment because "whether [the Stanleys] are entitled to relief hinges upon finding that [the state court orders] were wrongly decided." (Doc. 47, p. 14). She further argues that the Stanleys had a reasonable opportunity to present their constitutional challenges at the juvenile proceedings and therefore subject-matter jurisdiction is presently lacking. The issue the Court must decide is whether the Stanleys' remaining claim, that Finnegan ordered the removal of the children without an adequate basis, is inextricably intertwined with the state court judgment such that it precludes subject-matter jurisdiction.

4

After the children were removed from the Stanleys' custody, a hearing was conducted to determine whether probable cause justified the removal of the children. The juvenile court which held the hearing ultimately found probable cause existed at the time the children were removed. The basis of the Stanleys' remaining federal claim asserts the opposite—Finnegan removed the children without probable cause. On its face, the claim certainly appears to be inextricably intertwined with the state court's findings. However, "not every federal claim which would cast doubt on a state court judgment is barred by *Rooker-Feldman*." *Simes*, 354 F.3d at 827. The Supreme Court has cautioned that *Rooker-Feldman* is a narrow doctrine that does not extend to a case merely "because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil*, 544 U.S. at 293. The crucial inquiry in deciding whether a claim is inextricably intertwined with a state judgment is to determine "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting *an independent claim*." *Brokaw v. Weaver*, 305 F.3d 660, 664-65 (7th Cir. 2002) (citation omitted) (emphasis added); *see also Skit Intern., Ltd. V. DAC Techs. of Arkansas, Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) ("As in *Rooker*, the alleged injury for which [the plaintiff] seeks to redress here stems directly from the state court judgment itself rather than from some separate injury caused by the defendant."). "[I]f a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Edwards v. City of Jonesboro*, 645 F.3d 1014, 1018 (8th Cir. 2011) (quoting *Exxon Mobil*, 544 U.S. at 293).

Although the Eighth Circuit has not addressed this factual scenario, the Seventh Circuit addressed the issue in *Jensen v. Foley*, 295 F.3d 745 (7th Cir. 2002). In *Jensen*, an investigator with the Illinois Department of Children and Family Services ("DCFS") removed a child from her

home without a warrant, court order, or a pre-deprivation hearing. *Id.* at 746. At a temporary custody hearing two days later, the state circuit court determined that probable cause existed to justify the removal of the child. *Id.* at 747. However, the state court later dismissed the neglect petition and returned the child to the parents' custody. *Id.* The parents filed a § 1983 complaint in federal court asserting that the DCFS agents violated their Fourth and Fourteenth amendment rights by removing the child. *Id.* The district court dismissed the claim for lack of subject-matter jurisdiction on *Rooker-Feldman* grounds. The Seventh Circuit disagreed.[4] The appellate court noted that *Rooker-Feldman* "bars a plaintiff from bringing a § 1983 suit to remedy an injury inflicted by the state court's decision" and determined it did not apply to the parents' claim "[b]ecause the injury that the plaintiffs here complain of was caused not by the state court's temporary custody order, but by the underlying taking of [the child] by DCFS." *Id.* at 747-48.

There is no disputing that the Stanleys are not state court losers asking the Court to review the state court decision. The Stanleys ultimately prevailed at the state court. Nor is this a claim that is inextricably intertwined with a state court decision as Finnegan argues. Instead, this case is directly on point with *Jensen*—the Stanleys assert a claim for the alleged unlawful taking of their children *independent* of the state court judgment. The law is clear that the Stanleys may bring such a claim, even if it denies a legal conclusion reached in the state court. In this case, the Stanleys' claim is premised on a lack of probable cause, and although the state court determined probable cause existed, the Court has jurisdiction to hear the Stanleys' constitutional challenge. The more appropriate inquiry, as the Seventh Circuit discussed in the *Jensen* reasoning, is grounded not in *Rooker-Feldman*, but in state preclusion grounds. Because this action does not

---

[4] The Seventh Circuit ultimately affirmed the decision of dismissal. However, the court relied on state preclusion grounds, not the *Rooker-Feldman* doctrine, in reaching its decision. *Id.* at 748 ("[T]his suit implicates the preclusion doctrine, not *Rooker-Feldman*.").

fall under the narrow purview of *Rooker-Feldman*, the Court has subject-matter jurisdiction.

## B. Article III Standing

Finnegan next argues that the Stanleys lack Article III standing. Article III standing, a threshold question in every federal court case, requires a plaintiff to demonstrate the three elements of injury in fact, causation, and redressability. *E.L. by White v. Voluntary Interdistrict Choice Co.*, 864 F.3d 932, 935 (8th Cir. 2017) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). Injury-in-fact requires an "actual or imminent invasion of a concrete and particularized legally protected interest." *Kinder v. Geithner*, 695 F.3d 772, 776 (8th Cir. 2012). The plaintiff must show the defendant's conduct caused the complained-of injury; that is, the "injury [must be] fairly traceable to the defendant's allegedly unlawful conduct." *Red River Freethinkers v. City of Fargo*, 679 F.3d 1015, 1022 (8th Cir. 2012) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)). Finally, the plaintiff must demonstrate the injury is likely to be redressed by a favorable decision. *Liddell v. Special Admin. Bd. of Transitional School Dist. Of City of St. Louis*, 894 F.3d 959, 966 (8th Cir. 2018); *Planned Parenthood of Mid-Missouri & E. Kan. Inc. v. Ehlmann*, 137 F.3d 573, 577 (8th Cir. 1998).

Neither party disputes the redressability element is satisfied. Finnegan argues "there is no injury fairly traceable to [her] conduct as required to confer Article III standing." (Doc. 47, p. 12). It is clear Finnegan contends the causation element is not satisfied, but it is somewhat unclear whether Finnegan also asserts the injury-in fact element is in dispute. She claims "[t]here is no clearly established right under federal law to be free from child-abuse investigations as authorized by state law or to be free from defending child-abuse allegations in state juvenile court." (Doc. 47, p. 12). In the interest of prudence, the Court interprets this as an argument in support of the proposition that the Stanleys do not assert a concrete or particularized legally protected interest.

Finnegan's argument on this element misses the point of the Stanley's claim. The injury they complain of is not an investigation, but the removal of their children. As the Eighth Circuit clearly stated in its order affirming this Court's earlier decision, "it is clearly established that the removal of children from their parents' custody violates a constitutional right if the removal occurs without reasonable suspicion of child abuse." (Doc. 51-2, p. 5). Accepting the factual allegations as true, the Stanleys plead a concrete and particularized constitutional injury as their children were removed from their custody allegedly without probable cause. Because this is the basis for the Stanleys' claim, the first element of standing is satisfied.

Regarding Finnegan's next argument, she asserts "[b]ecuase Plaintiffs cannot attack the state court's order . . . there is no injury fairly traceable to the conduct of Finnegan as required to confer Article III standing." (Doc. 47, p. 12). In essence, Finnegan seemingly contends there is no traceable injury because no constitutional violation occurred. Such circular reasoning, if accepted, would create a standing issue in any case where a defendant challenges a plaintiff's allegations. The appropriate inquiry is whether the alleged constitutional violation, here the unlawful removal of the Stanley children, can be traced to the defendant's conduct.

The Stanleys argue their injury occurred because Finnegan insisted the children be removed from the home without evidence corroborating the accusations of abuse and neglect, and without evidence of maltreatment. (Doc. 1, ¶ 30). Although DHS ultimately removed the children, the Stanleys allege DHS did so at the direction of Finnegan. (Doc. 1, ¶ 30). The law requires that child abuse investigators possess a reasonable suspicion of child abuse before ordering the removal of children. *Heartland Acad. Cmty. Church v. Waddle*, 427 F.3d 525, 534 (8th Cir. 2005). Finnegan had a legal obligation to possess a reasonable suspicion before ordering the removal of the children. The Stanleys contend she failed to satisfy this standard but ordered the removal of

the children nonetheless. On the pleadings, the injury is therefore directly traceable to Finnegan's conduct. The causation element is satisfied, and the Stanleys have Article III standing. Finnegan's motion will be denied on this ground.

### C. Collateral-Attack

Finnegan next argues that the Stanleys' claim is a collateral-attack on the state court juvenile proceedings. In Arkansas, a facially valid judgment is not subject to collateral attack. *Purser v. Corpus Christi State Nat'l Bank*, 256 Ark. 452, 460 (1974). "As a general rule, an attack upon a judgment is regarded as collateral if made when the judgment is offered as the basis of the opponent's claim." *Brooks v. Baker*, 208 Ark. 654, 660 (1945) (citation omitted). The collateral-attack doctrine therefore prevents a party from bringing an action in which its very purpose is to impeach or overturn a prior judgment. *Purser*, 256 Ark. at 460.

Finnegan's collateral-attack argument is without merit. Finnegan argues that the Stanleys may not collaterally attack the state court "proceedings." (Doc. 47, p. 16). But the collateral-attack doctrine is concerned with the state court judgment, not the proceedings that were involved. In this case, the Stanleys prevailed at the state court. The juvenile court did not find evidence of abuse or maltreatment, and ordered the children be returned to the Stanleys' custody in its final judgment. It is this determination and not the probable cause finding at the probable cause hearing which operates as the final judgment. The Stanleys do not offer the final judgment as the basis of their claim. Nor do they seek to overturn or impeach the final judgment that allowed their children to return to their care. Finnegan's motion on this ground will be denied.

### D. Claim Preclusion and Issue Preclusion

Finnegan's final arguments are that the Stanleys' claim is barred by res judicata and collateral estoppel. The doctrine of res judicata has two components—claim preclusion and issue

9

preclusion. *Barclay v. Waters*, 357 Ark. 386, (2004). The Court gives the same preclusive effect to Arkansas state court judgments as Arkansas state courts. *Stephens v. Jessup*, 793 F.3d 941, 943-44 (8th Cir. 2015). Claim preclusion prohibits a party from further litigating on a cause of action, whereas issue preclusion "forecloses further litigation in connection with a certain issue." *Craven v. Fulton Sanitation Serv., Inc.*, 361 Ark. 390, 393-94 (2005).

### 1. Claim Preclusion

Claim preclusion "bars a claim in a second suit when five elements are satisfied: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action; and (5) both suits involve the same parties or their privities." *Stephens*, 793 F.3d at 944. Furthermore, claim preclusion bars claims that were actually litigated and those that could have been litigated. *Ark. Office of Child Support Enforcement v. Williams*, 338 Ark. 347, 350 (1999).

Finnegan asserts the Stanleys' claim is precluded because all issues related to the legality of the seizure of the Stanley children were or could have been raised in state court. (Doc. 47, p. 18). The present action, however, does not involve the same claim or cause of action that was litigated in state court. The Stanleys present an independent claim based on the alleged unlawful taking of their children. *See supra* Part II.A. This is not a case where a party has brought a claim against a defendant in state court and later files the same action in federal court. Nor is this a case where a party filed a cause of action in state court, only to file a different cause of action in federal court based on the same events. This is the first time the Stanleys have brought any action against Finnegan.

Additionally, Finnegan fails to articulate how the Stanleys could have brought their present

claim in state court. In fact, it is difficult to discern Finnegan's argument in support of this proposition, and the only such argument the Court could identify is her assertion that the lower court had jurisdiction to hear constitutional claims. While this may be true, the probable cause hearing was the only proceeding that evaluated whether probable cause existed to justify the initial removal of the children. This hearing is statutorily limited in scope to determining whether "probable cause existed to protect the juvenile." Ark. Code. Ann. § 9-27-315. Because of the limited scope, the Stanleys could not have vindicated their constitutional rights. Finnegan offers no alternative or basis as to how the state court could hear this matter at the probable cause hearing. Because Finnegan fails to meet her burden of persuasion, the Stanleys' remaining claim is not precluded.

### 2. Issue Preclusion

After discussing each of Finnegan's previous arguments, the Court arrives at her most compelling point—issue preclusion. Finnegan argues that because the probable cause issue was already decided by the juvenile court, this Court may not relitigate the same issue. (Doc. 47, p. 18). Issue preclusion prevents further litigation on an issue that has already been decided. *Craven*, 361 Ark. at 394. Issue preclusion requires the presence of four elements: (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) the issue must have been actually litigated; (3) the issue must have been determined by a final and valid judgment; and (4) the issue must have been essential to that judgment. *Id.* at 394. In addition, issue preclusion is applicable only when the party against whom the earlier decision is being asserted had a full and fair opportunity to litigate the issue in question. *Id.*

Taken at face value, Finnegan's argument seems to hold merit as the question of probable cause was decided in the affirmative at the state court. However, the probable cause issue is not

11

precluded under Arkansas law for two reasons. First, the probable cause determination was not essential to the state court judgment. The state court found no evidence of abuse or maltreatment and ordered the return of the children to the Stanleys' custody. Whether probable cause justified the initial removal has no bearing on the final determination of custody.

Second, the Stanleys did not have a full and fair opportunity to litigate the issue of probable cause at the probable cause hearing. There are notable distinctions between how allegations are investigated in the juvenile court and how causes of action are litigated in the court of law. The rules of evidence do not apply at the probable cause hearing, Ark. Code Ann. § 9-27-315(e), and the proceedings are generally conducted without a jury, Ark. Code Ann. § 9-27-325(a)(1)(A). The lack of a jury trial alone may prohibit preclusion under Arkansas law. *See Cravens*, 361 Ark. at 397-98 ("Given the nature of these proceedings, especially the lack of a jury trial, we conclude that to give the Commission's decision preclusive effect would deprive [the party] of a full and fair opportunity to litigate the issue."). But the distinction between the two proceedings goes further than procedural limitations.

More compelling is that issues at the state court proceedings are factually dissimilar from those in the civil case. The focus of the probable cause hearing is to protect the overall well-being of the child, hence why procedural safeguards such as the rules of evidence are more relaxed than in a typical trial. The judge at the juvenile court considers whether probable cause justified the initial removal in order to protect the children. The Stanleys' present action, however, is concerned with their constitutional rights as parents. This action asks the Court to determine whether probable cause justified the removal in a manner which did not infringe upon their constitutional rights. Although the issues seem similar in style, they are factually dissimilar and issue preclusion does not extend to the probable cause determination. *See e.g. Craven*, 361 Ark. at 400-01

(Imber, J., concurring).  Finnegan's motion will be denied.

### III. Conclusion

IT IS THEREFORE ORDERED that the motion (Doc. 50) to adopt the pleadings is GRANTED to the extent the present motion (Doc. 46) relates to claims against Separate Defendants Garland County, Arkansas, Mike McCormick, Jason Lawrence, Mike Wright, and Terry Threadgill.

IT IS FURTHER ORDERED that Defendant's motion (Doc. 46) for judgment on the pleadings is DENIED.

IT IS FURTHER ORDERED the stay on discovery is LIFTED.

IT IS SO ORDERED this 3rd day of December, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE